IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,359




EX PARTE JOSE LUIS AGUILAR, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. S-07-3241-CR IN THE 36TH DISTRICT COURT
FROM SAN PATRICIO COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and indecency with a child and sentenced to two terms of twenty years’ imprisonment. 
            Applicant contends that he was denied his right to appeal. On October 7, 2009, we remanded
this application for findings of fact and conclusions of law. On remand, the trial court found that
Applicant filed a pretrial motion to suppress that was denied and that he did not waive his right to
appeal the denial of this motion. The trial court also found that counsel was given the opportunity
to respond but provided no evidence that he advised Applicant on the “meaning and effect of the
judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice
of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment
as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of
appeal.” Ex parte Axel, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). The trial court concluded that
Applicant was denied his right to appeal and recommended that we grant him an out-of-time appeal. 
            We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal
of the judgment of conviction in Cause No. S-07-3241-CR from the 36th Judicial District Court of
San Patricio County. His out-of-time appeal shall be limited to any issues raised by written pretrial
motion. Applicant is ordered returned to that time at which he may give a written notice of appeal
so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be
calculated as if the sentence had been imposed on the date on which the mandate of this Court issues.
We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file
a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.
 
Delivered: June 9, 2010
Do Not Publish